UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-436 (PJS/DLM)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEROME KINTA WEST,

      Defendant.

**Government's Response to Defendant's Motions**

The United States of America, by its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Syngen Kanassatega, Assistant United States Attorney, responds to Mr. West's pretrial motions. *See* ECF No. 19.

## STATEMENT OF FACTS

A grand jury returned an indictment against Mr. West on November 13, 2025, that charged him with one count of possession with intent to distribute 500 grams or more of methamphetamine and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). ECF No. 1.

## RESPONSE TO MOTIONS

### I. Motion for a *Franks* Hearing

In order to merit a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant must demonstrate both: (1) that the affiant knowingly and intentionally made false statements or material omissions, or made them in reckless disregard for the truth; and (2) if the false information was excised (or the omitted information is included) the affidavit no longer establishes probable cause. *United*

*States v. Arnold*, 725 F.3d 896 (8th Cir. 2013). "The requirement of a substantial preliminary showing is not lightly met." *Id.* (quoting *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 2009) (internal quotations omitted)). "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." *Id.* "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *Id.* (quoting *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997).

Minor errors or inconsistencies, brought to light with the benefit of hindsight and further investigation, are insufficient to meet the "very limited circumstances" in which a *Franks* hearing is appropriate. *United States v. Ozar*, 50 F.3d 1440 (8th Cir. 1995); *Arnold*, 725 F.3d at 898-99. Furthermore, in a warrant affidavit, the government is only required to allege facts sufficient to support a finding of probable cause. *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980). "A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not." *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 649 (8th Cir. 2001).

The defendant has failed to meet his burden of making a preliminary showing of a false statement in the affidavit. First, his claim that Officer Toupal "conceded that the person received compensation for providing the information and to incentivize them to provide information in the future," ECF No. 19 at 4, at the state's contested omnibus hearing mischaracterizes Officer Toupal's testimony because it

omits important statements made by Officer Toupal. Officer Toupal testified twice that he did not make any promises or offers to pay the concerned citizen or otherwise make any indication that he was going to pay the concerned citizen before the concerned citizen provided information about Mr. West to Officer Toupal. Transcript of Contested Omnibus Hearing at 6-8, State of Minnesota v. Jerome Kinta West, 82-CR-25-860 (2025). Officer Toupal also testified that he paid the concerned citizen "months later" for the information the concerned citizen provided about Mr. West and to incentivize further information. *Id.* at 38-39.

Second, the defendant's claim that Officer Toupal "conceded that neutral 'concerned citizens' are not paid for information," ECF No. 19 at 4, also mischaracterizes Officer Toupal's statement because it omits Officer Toupal's statement that narcotics investigators "frequently encounter people in one circumstance where they're not an informant and they're not being paid, and then that evolves to them later on being an informant." *Id.* at 7.

The Court should deny the defendant's motion for a *Franks* hearing. A *Franks* hearing is not required because the defendant has offered no proof Officer Toupal deliberately lied or recklessly disregarded the truth. *See Arnold*, 725 F.3d 896, 899-900 (8th Cir. 2013).

## II.   Motion to Suppress Evidence

Mr. West has moved to suppress evidence derived from the tracking warrant and the subsequent traffic stop. The Court should deny these motions because the government obtained all evidence in compliance with Mr. West's constitutional

rights. The government will introduce the tracking warrant to the Court at the motions hearing for a four-corner review. The government will also produce evidence from the case agent regarding the information he received from the concerned citizen and how he corroborated that information. The government will further produce evidence from the Minnesota State Patrol Trooper regarding the traffic stop, expanding the scope of the stop, and the canine sniff of Mr. West's vehicle.

## CONCLUSION

The government asks the Court to enter an order consistent with the government's responses.

Dated:  February 9, 2026           Respectfully Submitted:

                                          DANIEL N. ROSEN
                                        United States Attorney

                                        s/ *Syngen Kanassatega*

BY:   SYNGEN KANASSATEGA
        Assistant United States Attorney