45UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEROME KINTA WEST,

Defendant.

Case No. 25-CR-0436 (PJS/DLM)

ORDER

---

Syngen Kanassatega, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Patrick L. Cotter, SIEBEN & COTTER, PLLC, for defendant.

This matter is before the Court on defendant Jerome Kinta West's objection to the June 5, 2026 Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko. Judge Micko recommends denying West's motion to suppress. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court overrules West's objection and adopts the R&R.

Only one matter merits comment. West argues that Trooper Kyle Koeberl did not have reasonable suspicion to conduct the traffic stop of West's pickup truck. Specifically, West argues that even if the collective-knowledge doctrine applies (and the

Court agrees with Judge Micko that it does), the information Officer Jacob Toupal provided to Trooper Koeberl did not provide reasonable suspicion. ECF No. 44 at 4.[1]

In support of his objection, West points to *United States v. Forjan*, 66 F.4th 739, 747–48 (8th Cir. 2023). In that case, law enforcement had received a tip that a residence contained "pound quantities of methamphetamine," but no evidence that "the resident was distributing methamphetamine *from* the residence." *Id.* at 744 (emphasis added). After observing Forjan visit the residence for about 45 minutes and then leave, law enforcement conducted a traffic stop on his vehicle. *Id.* The Eighth Circuit ultimately held that the traffic stop was not based on reasonable suspicion. *Id.* at 747–48.

*Forjan* is easily distinguishable. Whereas the police in *Forjan* had been told nothing more than that drugs were being stored at the residence visited by Forjan, Officer Toupal had been told that West would be transporting fentanyl or methamphetamine (or both) to Minneapolis from Chicago, on or about February 27, 2025, in a white, late model, GMC Sierra pickup truck rented from Enterprise. Officer Toupal verified this information in multiple respects before asking Trooper Koeberl to conduct the traffic stop of West's vehicle. R&R at 3–4; 12. The Court agrees with Judge Micko that the tip to Officer Toupal provided reasonable suspicion for the traffic stop.

---

[1]The Court assumes without deciding that Trooper Koeberl did not have reasonable suspicion to conduct the stop based solely on a traffic violation. *See* R&R at 14.

*See United States v. Harry*, 930 F.3d 1000, 1005–06 (8th Cir. 2019) (finding that accurate predictive information provided to law enforcement—including the type of vehicle the defendant would be driving—supplied reasonable suspicion for a traffic stop because it was "specific rather than generic and therefore unlikely available to someone without reliable insight"); *United States v. Johnson*, 64 F.3d 1120, 1125 (8th Cir. 1995) (holding that the traffic stop of a vehicle suspected to contain drugs was based on reasonable suspicion when "investigation corroborated the number of men reported by the tipster, their race, where they came from, where they were staying, and the vehicle they were driving"); *United States v. Gaston*, No. 19-CR-2011 (JRT/BRT), 2021 WL 1263453, at *5 (D. Minn. Apr. 15, 2021) (finding probable cause that a rental vehicle contained contraband when a "tip accurately predicted [the] defendant's travel itinerary and his method of travel" and was independently corroborated by law enforcement).

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Jerome Kinta West's objection [ECF No. 44] is OVERRULED.

2. The Court ADOPTS the Report and Recommendation [ECF No. 42].

3. The motion to suppress evidence [ECF No. 19] is DENIED.

Dated: November 10, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge